IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ALEXANDER HALL,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF MAUI; JUSTIN T. CARLSON, IN HIS INDIVIDUAL CAPACITY, *et al.*,<br><br>    Defendants. | CIVIL NO. 18-00210 DKW-KJM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTY OF MAUI'S MOTION TO DISMISS AND DENYING RELATED MOTION TO STRIKE** |

## **INTRODUCTION**

The County of Maui seeks dismissal of Hall's state law false arrest claim in light of Hall's admitted failure to file a timely pre-suit notice of the claim with the Maui County Clerk, as required by Hawaii Revised Statute ("HRS") §46-76 and Maui County Charter ("MCC") §13-6.  Because the County correctly identifies Hall's burden, as well as Hall's failure to carry that burden within the requisite two-year period set forth in HRS §46-76, the Court GRANTS the Motion to Dismiss count seven.  Dismissal, however, is only appropriate as to the County because HRS §46-76 does not apply to claims against individuals.  The Motion to Dismiss is therefore DENIED to the extent brought on behalf of Carlson.  The County's related Motion to Strike redundant and irrelevant sections of the Complaint is also DENIED for failure to show any prejudice, as described below.

# BACKGROUND

Hall's Complaint alleges that on June 4, 2016, he and his family were peacefully expressing a religious message in Maui's Banyan Tree Park. Compl. ¶¶ 51-55, Dkt No. 1. Following complaints from other park visitors, Officer Carlson of the Maui Police Department arrested Hall. Compl. ¶ 55. In Hall's Complaint and in his Opposition, Hall alleges that the County prosecutor dismissed the charges against him on June 30, 2016. Compl. ¶ 64; Opp at 2.

Hall asserts the following federal claims under Title 42, United State Code, Section 1983, against the County of Maui, Officer Carlson in his individual capacity, and five unidentified John Does:

1. Violation of the First Amendment Free Speech Clause;
2. Violation of the First Amendment Free Exercise Clause;
3. Policies in violation of the First Amendment;
4. Failure to train and supervise resulting in violation of the First Amendment Free Speech Clause;
5. Failure to train and supervise resulting in violation of the First Amendment Free Exercise Clause; and
6. Violation of Fourth Amendment Due Process Clause

Hall also asserts a single state-law claim, count seven, for False Arrest under Hawaii Tort Law against both the County and Officer Carlson, in his individual capacity.

Hall filed his Complaint (Dkt No. 1) on June 4, 2018 and served it on the County's corporation counsel on June 15, 2018. *See* Decl. of Counsel ¶ 5. It is

undisputed that before doing so, Hall did not serve a pre-suit notice on the Maui County Clerk, nor has he done so since.

The County moves to dismiss count seven, the false arrest claim against both the County and Officer Carlson in his individual capacity, due to Hall's failure to comply with the notice of claim requirements in HRS §46-72 and the MCC §13-6.[1] Motion at 5-6. The County also moves to strike some of Hall's Section 1983 claims as redundant and/or immaterial. Motion at 10.

## **STANDARD OF REVIEW**

*Rule 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

---

[1]The County does not move to dismiss any federal claims brought under 42 U.S.C. §1983.

3

to relief that is plausible on its face.'"  555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

A court may consider certain documents attached to a complaint, documents incorporated by reference in the complaint, or matters judicially noticed, without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003); *see* Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (taking judicial notice of pleadings and other public records).

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss."  *Seven Arts Filmed Entm't Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)); *see also Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint, . . . a defendant can raise that defense in a motion to dismiss.") (citing *Cedars-Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126, 1128–29 (9th Cir. 1999)).  That said, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."  *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) (citation and quotation marks omitted).  In making such a determination, the Court is not "required to accept as

true allegations that contradict . . . matters properly subject to judicial notice[.]" *Seven Arts*, 733 F.3d at 1254 (internal quotation marks omitted).

*Rule 12(f) Motion to Strike*

Federal Rule of Civil Procedure 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a Rule 12(f) motion is to avoid the waste of time and money spent on litigating spurious issues by dispensing with those issues before trial . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)), *rev'd on other grounds*, 510 U.S. 517 (1994). Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed. *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 554 (D. Haw. 1998). A matter will not be stricken from a pleading unless it is clear that it can have no possible bearing on the subject matter of the litigation. *Id.*; *see also Empire Tractor Corp. v. Time, Inc.*, 10 F.R.D. 121, 122 (E.D. Pa. 1950) ("[A]nd if there is any doubt as to whether under any contingency the matter [sought to be stricken] may [at some time] raise an issue, the motion should be denied." (citations omitted)). Motions to strike are also disfavored in the absence of prejudice. *Horowitz v. Sulla*, 2014 WL 1048798, at *10 (D. Haw. Mar. 14, 2014) (citing *Wailua Assocs.*, 183 F.R.D. at 553); *see also United States*

v. *729,773 Acres of Land*, 531 F. Supp. 967, 971 (D. Haw. 1982); *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) ("Given their disfavored status, courts often require 'a showing of prejudice by the moving party' before granting the requested relief.") (quoting *Secs. & Exch. Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)).

Ultimately, whether to grant a Rule 12(f) motion to strike lies within the sound discretion of the court. *Fantasy*, 984 F.2d at 1528; *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988) (citation omitted). In exercising that discretion, the court "views the challenged pleadings in the light most favorable to the [non-moving party], and resolves any doubt as to the relevance of the challenged allegations in favor of the plaintiff." *Nielson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) (internal citations omitted); *see also Wailua Assocs.*, 183 F.R.D. at 554 (citing *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 (9th Cir. 1992)).

## DISCUSSION

I. THE COUNTY'S MOTION TO DISMISS

Hall failed to comply with the requirements of HRS §46-72 and MCC §13-6. As a result, his state law false arrest claim against the County is untimely, and the County's Motion to Dismiss is GRANTED in part, as to this claim. However, the

Motion is DENIED with respect to Officer Carlson because claims against individuals are not subject to HRS §46-72.

### A. Hall's False Arrest Claim Against The County

Claims against the County for damages based upon injuries to a person are governed by the two-year limitations period found in HRS §46-72.[2] The full text of HRS §46-72, titled "Liability for injuries or damages; notice" states:

> Before the county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, sidewalks, or other public places of the county, or on account of any negligence of any official or employee of the county, the person injured, or the owner or person entitled to the possession, occupation, or use of the property injured, or someone on the person's behalf, within two years after the injuries accrued shall give the individual identified in the respective county's charter, or if none is specified, the chairperson of the council of the county or the clerk of the county in which the injuries occurred, notice in writing of the injuries and the specific damages resulting, stating fully when, where, and how the injuries or damage occurred, the extent of the injuries or damages, and the amount claimed.

---

[2]Under Hawaii law, HRS §46-72 operates as a statute of limitations. *See Silva v. City & Cty. of Honolulu*, 115 Hawai'i 1, 10–11, 165 P.3d 247, 256–57 (2007) ("[W]hile the notice requirement set forth in HRS §46-72 may appear to be a mere 'condition precedent to liability,' it 'operates, in reality, as a statute of limitations.'") (quoting *Salavea*, 55 Haw. at 218, 517 P.2d at 53); *see also Kahale v. City & Cty. of Honolulu*, 104 Hawai'i at 343, 345, 347 & n.7, 90 P.3d at 235, 237, 239 & n.7 (2004) (observing that the legislature affirmed its character as a statute of limitations by enacting Act 152, 24th Leg., Reg. Sess. (2007), the preamble of which describes HRS §46-72 as "the statute of limitations for claims for damage and injury against the counties.").

The Maui County Charter specifies the individual to be served in §13-6, stating:

> No action shall be maintained for the recovery of damages for any injury to person or property by reason of negligence of any officer or employee of the county unless a written statement stating fully when, where and how the injuries occurred, the extent thereof and the amount claimed therefor, has been filed with the county clerk within the time period as provided by law.

According to the County, "…[Hall] first gave notice of his claim to the County by serving his Complaint on June 15, 2018, more than two years after his alleged June 4, 2016 injuries." Motion at 7. Hall does not refute that his state law claim is subject to the notice provision in HRS §46-72 and MCC §13-6 nor does he refute that the Complaint was first served on the County's corporation counsel on June 15, 2018. Rather Hall asserts that "Defendant's argument… incorrectly assum[es] the date of notice had expired [by June 15, 2018]…" Opp. at 3. Relying on *Heck v. Humphrey*, for the proposition that a false arrest claim does not accrue until resolution of the underlying charge, Hall argues that the proper date for calculating the start of the statute-of-limitations clock was June 30, 2016, the date on which charges were dismissed, rather than June 4, 2016, the date on which Hall was arrested. Opp. at 2 (citing 512 U.S. 477, 489-490 (1994)). The undisputed date of service, June 15, 2018, is 15 days before the running of the

statute of limitations by Hall's calculation; 11 days after, by the County's calculation.

The Court need not reach the question of which of the two dates Hall's claims accrued because proper notice, in satisfaction of HRS §46-72, was *never* filed. According to the County, "… a claim must be filed within two years of injury with the County Clerk. That has *never* been done." *Id*. (emphasis added). Because HRS §46-72 requires that notice of suit be filed *with the county clerk*, Hall's service of the Complaint on County's corporation counsel does not satisfy Hall's statutory obligation. Reply at 2.

The Court agrees. The plain language of HRS §46-72 requires that notice be filed with "…the individual identified in the respective county's charter, or if none is specified, the chairperson of the council or with clerk of the county…" (HRS §46-72). The Maui County Charter identifies the individual to be served as "the county clerk." MCC §13-6. Neither HRS §46-72 nor MCC §13-6 countenance the service of a judicial complaint on the County's corporation counsel in lieu of notice filed with the county clerk. When statutory language is "plain and unambiguous," a court's "sole duty is to give effect to its plain and obvious meaning." *State v. Ribbel*, 142 P.3d 290, 295 (Haw. 2006) (quoting *Peterson v. Hawaii Elec. Light Co., Inc*., 944 P.2d 1265, 1270–71 (Haw. 1997)).

In fact, when interpreting similar notice of claims provisions, other courts have held that service on an entity other than the one designated by statute does not "substantially comply with the notice of claim statute," rejecting constructive notice arguments. *Myers v. Board of County Com'rs of Jackson County*, 280 Kan. 869, 875 (Kansas Supreme Court 2006) (even though commissioners had reviewed, evaluated and rejected claims brought by plaintiff prior to the filing of his Complaint, defendant's motion to dismiss was granted because the plaintiff had not satisfied the pre-suit notice statute requiring that the notice of claim be filed with the governing body of the municipality, not the commissioners.)

Given that Hall has *yet* to satisfy the notice of claim requirement under HRS §46-72, the exact date of accrual of Hall's false arrest claims is immaterial. Clearly, he is too late. Any notice of claim filed now with the county clerk would fall well outside even the limitations period acknowledged by Hall. The Court GRANTS the Motion to Dismiss with prejudice as to Hall's false arrest claim against the County.

### B. Hall's False Arrest Claim Against Officer Carlson

Hall asserts state law claims for false arrest against both the County and Officer Carlson in his individual capacity. Compl. ¶ 129. Collapsing the analysis of claims against the County and claims against Officer Carlson into one, the County concludes that because "…Plaintiff failed to comply with the notice of

claim mandate… all state law claims against the County and Officer Justin Carlson asserted in the Complaint should be dismissed." Motion at 2. It is evident the County assumes the applicability of HRS §46-72 to Hall's false arrest claims against both the County and Officer Carlson in his individual capacity.

However, nothing in HRS §46-72 indicates that the notice of claim requirement applies to the suit against Officer Carlson in his individual capacity. The perambulatory language states, "Before the *county* shall be liable for damages to any person…" HRS §46-72 (emphasis added). The plain language of the text denotes that the conditions precedent to liability set forth in the statute apply to suits against counties. Courts have routinely declined to apply HRS §46-72 to claims against county employees who are sued in their individual capacity. *See*, *e.g.*, *Annan-Yartey v. Muranaka*, 2017 WL 1243499, at *4 n.9 (D. Haw. Apr. 3, 2017) (finding that HRS §46-72 applies to counties, not county employees sued in an individual capacity); *Sadri v. Ulmar,* 2007 WL 869192, at *9 (D. Haw. Mar 21, 2007) (dismissing Section 1983 claims against officers in official capacity as time-barred because of HRS §46-72's then applicable six-month statute of limitations but allowing those same claims against defendants in their individual capacity because HRS §46-72 does not apply to individuals); *Springer v. Hunt*, 2018 WL 846909, *9 (D. Haw. Feb 13, 2018) ("the complaint asserts an assault and battery claim for damages against [the defendant] in his individual capacity

only; the claim is not asserted against the County of Hawaii. Thus the [county charter notice provision] does not apply.") In its Motion and Reply, the County fails to cite any case or provide any argument that would suggest the applicability of HRS §46-72 to the suit against Officer Carlson in his individual capacity.

Nor has the County made a statute of limitations argument with respect to the claims against Officer Carlson.[3] A statute of limitations defense is an affirmative defense for which the County bears the burden. *Vegas v. United Steelworkers, Local 12-591*, 73 F. Supp. 3d 1260, 1270 (D. Haw. 2014).

Because the County cites no basis to dismiss the false arrest claim against Officer Carlson in his individual capacity, the Court DENIES the Motion without prejudice on this issue.

## II.  THE COUNTY'S MOTION TO STRIKE

The County argues that "…Plaintiff has filed a rambling list of immaterial assertions…[ and] the claims contained [in one section] are repeated in Plaintiff's cause of action." Motion at 11. The County further alleges that "the allegations are repetitive and confusing, making it difficult for the County to answer." Reply at 3. However, the County has not indicated how the redundancy, lengthiness,

---

[3]For instance, the County did not reply to Hall's argument that the correct date of accrual of the false arrest claim was the date on which the charges against Hall were dismissed, rather than the date on which Hall was arrested. Absent addressing the applicable accrual date, the County cannot show how the service of the Complaint fell outside the limitations period.

12

and overlapping claims of the Complaint undermine the County's ability to identify or understand the gravamen of the claims. Indeed, the County's brief in support of the Motion evinces the level of understanding and clarity the County was able to garner despite the, at times, convoluted pleadings.

Moreover, in both its Motion and Reply, as well as at oral arguments during the September 28, 2018 Hearing, the County made only passing reference to the inconvenience caused by the manner of Hall's pleading and offered no further evidence of prejudice. While the Complaint is clearly repetitive, the Motion to Strike is a severe remedy and the Court declines to employ it in order to resolve what the County admits is nothing more than an inconvenience. The Court declines to adopt the role of perfect pleadings police and therefore DENIES the County's Motion to Strike. *See, e.g. Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d at 1033 ("Given their disfavored status, courts often require 'a showing of prejudice by the moving party' before granting the requested relief.") (quoting *Secs. & Exch. Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)).

## CONCLUSION

For the foregoing reasons, Hall's false arrest claim against the County is dismissed with prejudice. The County's Motion to Dismiss is denied in all other respects.

IT IS SO ORDERED.

DATED: November 21, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Hall v. County of Maui.*, CV. NO. 18-00210 DKW-KJM; **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTY OF MAUI'S MOTION TO DISMISS AND DENYING RELATED MOTION TO STRIKE**